IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE M. FRIEND :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>SUBURBAN WOODS NURSING :<br>HOME LLC T/A SUBURBAN :<br>WOODS HEALTH & :<br>REHABILITATION CENTERS :<br>:<br>Defendant. : | CIVIL ACTION NO.  02-CV-4464 |

## ORDER

AND NOW, this _____ day of _____, 2002, upon review of Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted (the "Motion"), and the papers in opposition thereto, it is hereby ORDERED that the Motion is GRANTED, and Plaintiff's Complaint is hereby DISMISSED with prejudice.

By the Court:

_____

677972.1 7/15/02

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE M. FRIEND : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO. 02-CV-4464 |
| : | |
| v. : | |
| : | |
| SUBURBAN WOODS NURSING : | |
| HOME LLC T/A SUBURBAN : | |
| WOODS HEALTH & : | |
| REHABILITATION CENTERS : | |
| : | |
| Defendant. : | |

## DEFENDANT'S MOTION TO DISMISS FOR FAILURE
## TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Pursuant to Federal Rule of Civil Procedure 12(b)(6), and for the reasons stated in the attached Memorandum of Law, Defendant Suburban Woods Nursing Home LLC t/a Suburban Woods Health & Rehabilitation Centers respectfully requests that the Court Dismiss with prejudice all claims in Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

Dated: July 15, 2002

_____
Todd Alan Ewan
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-7823

Attorneys for Suburban Woods Nursing
Home LLC t/a Suburban Woods Health &
Rehabilitation Centers

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE M. FRIEND | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO.  02-CV-4464 |
| | : |
| v. | : |
| | : |
| SUBURBAN WOODS NURSING HOME LLC T/A SUBURBAN WOODS HEALTH & REHABILITATION CENTERS | : |
| | : |
| Defendant. | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

I.    INTRODUCTION

Defendant Suburban Woods Nursing Home LLC t/a Suburban Woods Health & Rehabilitation Centers ("Suburban Woods") is a skilled nursing facility that provides comprehensive subacute, rehabilitation and respiratory programs to its residents. Plaintiff, Diane Friend ("Plaintiff"), worked for Suburban Woods as a recreation therapist.

On December 14, 1999, Plaintiff verbally requested leave from work due to what she described as work restrictions arising from her pregnancy. On December 17, 1999, the administrator from Suburban Woods sent Plaintiff written confirmation of her requested leave, as well as an acknowledgement of Suburban Woods' agreement to permit such leave in accordance with company policy and the federal leave law. This written notification also set forth a detailed description of

677972.1 7/15/02

Plaintiff's rights under the Family and Medical Leave Act ("FMLA"), and contained the required forms for Plaintiff to complete to formalize her request.

Plaintiff's medical leave became effective on December 20, 1999, and Suburban Woods secured her position for a period of twelve (12) weeks from that date. Due to a clerical error, however, the parties erroneously believed that the 12-week period expired on March 6, 2000, as opposed to March 13, 2000. In accordance with company policy, Plaintiff was required to substitute any accrued paid leave time for unpaid leave time during the 12-week period.

On or about February 28, 2000, Plaintiff informed Suburban Woods that she would not be capable of returning to work by the conclusion of her FMLA leave. At that time, she requested an indefinite extension of her unpaid leave. Suburban Woods responded by stating that it is not capable of affording Plaintiff an extension of her medical leave beyond what the parties believed to be the 12-week period and the agreed upon return to work date. Therefore, in accordance with company policy, on March 6, 2000, Suburban considered Plaintiff to have resigned her employment with Suburban Woods based on her failure and/or refusal to return to work at the conclusion of her FMLA leave.

Two (2) years later to the date, Plaintiff initiated this action through the filing of a writ of summons in the Court of Common Pleas of Montgomery County. Thereafter, Plaintiff filed her single-count Complaint asserting a claim for damages on the alleged grounds that her FMLA rights had been interfered with or otherwise violated by Suburban Woods. Plaintiff's FMLA claim, however, is fatally flawed as a matter of law and should be dismissed.

II.     FACTUAL BACKGROUND

Plaintiff worked at Suburban Woods as a recreational therapist.  Complaint at ¶4.  On or about December 14, 1999, Plaintiff verbally requested medical leave from her position apparently due to restrictions associated with her pregnancy.  Complaint at ¶5.  In response to Plaintiff's request for leave, Suburban Woods provided Plaintiff with a written memorandum explaining her rights under the FMLA, as well as the written forms she was required to complete in connection with her requested leave.  Complaint at ¶6.  The memorandum and forms furnished by Suburban Woods are attached to the Complaint as "Exhibit A," and provide, in part, the following:

> Under the Family Medical Leave Act, you are eligible for an unpaid leave of up to 12 weeks.  Your position is protected for the 12 week period.  Once you have been released to full duty, please contact [the human resources director] to arrange your return to work.  Should your leave exceed the 12 weeks, your position is no longer protected.  You will, however, be considered for any open positions at that time for which you are qualified.
>
> . . .
>
> 5.    If your leave of absence is for your own disability, you must first use any accrued sick days.  You will not be required to substitute vacation days or personal days (if applicable) for any unpaid leave.  However, you may do so, if you want to.

Complaint at Exhibit A.

In addition to the memorandum and forms furnished by Suburban Woods, the Employee Handbook for Suburban Woods contained a complete description of Friend's medical leave rights and obligations in accordance with the FMLA.  Portions of the Employee Handbook are attached to the Complaint as "Exhibit B," which state, in part:

> Eligible employees are normally granted leave for the period of the disability, up to a maximum of twelve weeks within any twelve month period.  . . .  Employees will be required to first use any accrued paid leave time before taking unpaid medical leave.

> . . .
>
> If an employee fails to return to work on the agreed upon return date, Suburban Woods will assume that the employee has resigned.

Complaint at Exhibit B at pp. 33 and 34.

In connection with her leave, Plaintiff provided Suburban Woods with a Certification of Health Care Provider (the "Certification"). See Complaint at Exhibit A. The Certification provides that Plaintiff had a due date of February 22, 2000. Id. The Certification also provides that Plaintiff's condition would last "until 6 weeks post partum checkings." Id. In other words, Plaintiff's own doctor did not anticipate releasing her to work prior to April 4, 2000, six (6) weeks following Plaintiff's due date – well beyond the expiration of Plaintiff's 12-week FMLA leave.

On or about February 28, 2000, Plaintiff allegedly notified Suburban Woods that she would not be capable of returning to work at the conclusion of her leave period. Complaint at ¶11. Suburban Woods responded by stating that, if Plaintiff did not return to work by the expiration of her leave period, her position would be terminated. Complaint at ¶10. Based on Plaintiff's failure or refusal to return to work on March 6, 2000 – the date understood to be the expiration of her FMLA leave – Plaintiff's employment with Suburban Woods was terminated. Complaint at ¶12.

On March 6, 2002, Plaintiff initiated this action by filing a Writ of Summons with the Court of Common Pleas of Montgomery County. Thereafter, Plaintiff filed her Complaint asserting that Suburban Woods violated the FMLA.

III.    ARGUMENT

    A.    The Standard

"The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint." Adams v. U.S. Employment Opportunity Comm'n., 932 F. Supp. 660, 663 (E.D. Pa. 1996) (citing Sturm v. Clark, 835 F. 2d 1009, 1011 (3d Cir. 1987)). "A complaint may be dismissed for failure to state a claim upon which relief may be granted if the facts pled and reasonable inferences therefrom are legally insufficient to support the relief requested." Id. (citing Commonwealth ex. rel. Zimmerman v. PepsiCo., Inc., 836 F.2d 173, 179 (3d Cir. 1988)). Where, as here, the specific count fails to state a claim upon which relief may be granted, dismissal is warranted.

    B.    The FMLA Claim Is Fatally Flawed And Should Be Dismissed

The single count set forth in the Complaint purports to allege a violation of the FMLA. In particular, Plaintiff alleges that her "request for an extension of her leave was denied even though plaintiff did not use her accrued pay or take a full twelve week leave between December 20, 1999 and March 6, 2000." Complaint at ¶13. Plaintiff does not set forth any other substantive allegations in support of her claim of an FMLA violation by Suburban Woods.

The FMLA provides eligible employees with the right to take up to twelve (12) weeks of leave during a 12-month period for a serious health condition. 29 U.S.C. § 2612(a)(1)(D). At the end of the leave period, the employee has the right to be restored to her former position or an equivalent position. 29 U.S.C. § 2614(a)(1).

The FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C.

§ 2615(a)(1).  In turn, section 2615(a)(2) makes it unlawful "for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."  29 U.S.C. § 2615(a)(2).  Section 2615(a)(2) has been interpreted as providing a cause of action for employees who have been discriminated against in retaliation for taking FMLA leave.  Therefore, in order for Plaintiff to state a cause of action for interference with her FMLA rights, she must claim that the alleged interference caused her to forfeit her FMLA protections.  See Alifano v. Merck & Co., 175 F. Supp. 2d 792 (E.D. Pa. 2001); Vorhees v. Time Warner Cable Nat'l Div., 1999 U.S. Dist. LEXIS 13227 (E.D. Pa. 1999).

In the Third Circuit, in order to establish a claim for an FMLA violation, a plaintiff must show that:  "(1) she is protected under the FMLA; (2) she suffered an adverse employment action; and (3) that a causal connection exists between the adverse employment action and the plaintiff's exercise of her rights under the FMLA."  Alifano, 175 F. Supp. 2d at 795 (citation omitted).  Courts have refused to recognize a valid claim for interference in the absence of any injury.  Id.; Vorhees, 1999 U.S. Dist. LEXIS 13227; Fry v. First Fidelity Bancorp., 1996 U.S. Dist. LEXIS 875 (E.D. Pa. 1996); see also, Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274 (11th Cir. 1999); LaCoparra v. Pergament Home Ctr., Inc., 982 F. Supp. 213 (S.D.N.Y. 1997).

Here, Plaintiff does not plead, nor can it be reasonably inferred from the facts pled, that there was any causal connection between the alleged adverse employment action and her exercise of rights under the FMLA.  To the contrary, the Complaint is crystal clear that Suburban Woods informed Plaintiff of her rights under the FMLA in writing and permitted her to exercise these rights.  No adverse action occurred as a result of Plaintiff's exercising these

rights. Based on the facts alleged in the Complaint, the only alleged adverse employment action, i.e., Plaintiff's employment termination, did not occur until the *expiration* of her FMLA leave and *only after* she notified Suburban Woods that she would not be able to return to work. The termination of Plaintiff's employment for her failure or refusal to return to work on her agreed upon return date is completely appropriate under the FMLA and does not constitute an interference with or retaliation for her exercising her rights. 29 C.F.R. § 825.214(b) ("If the employee is unable to perform an essential function of the position because of a physical or mental condition, including the continuation of a serious health condition, the employee has no right to restoration to another position under the FMLA.").

The fact that the parties mistakenly believed that the expiration of the 12-week leave period was March 6, 2000, as opposed to March 13, 2000, is of no consequence in this case. Not only does Plaintiff fail to allege a causal link between this clerical mistake and the exercise of her FMLA rights, she fails to allege any resulting injury arising from the error. Because the Complaint makes it abundantly clear that the basis for Plaintiff's termination arose from her inability to return to work at the *conclusion* of what the parties legitimately believed to be her 12-week leave period, a termination that under the case law, statute, and regulations is legitimate, Plaintiff's FMLA claim should be dismissed. Furthermore, based on the Certification provided by Plaintiff's treating physician, Plaintiff would not have been able to return to work until April 4, 2000, well after the expiration of her 12-week FMLA leave. See Complaint at Exhibit A.

In addition, Plaintiff's allegation that she did not use her accrued pay is completely misguided. As set forth in the excerpt from the Employee Handbook that is attached to the Complaint, Plaintiff was required to substitute any accrued paid sick leave time before taking

unpaid medical leave.  By claiming that she was denied an extension of her medical leave "even though [Plaintiff] did not use her accrued pay," Complaint at ¶13, it is apparent that Plaintiff has misconstrued the application of the substitution requirement.

In brief, the substitution requirement mandates that employees use available paid sick leave time *during* their FMLA leave.  Plaintiff seems to be claiming that she is entitled to stack her accrued paid leave time at the backend of her 12-week leave period under the FMLA, thereby entitling her to 12 weeks of unpaid leave *plus* any additional accrued paid leave time.  That was not the policy of Suburban Woods and that is not required under the FMLA.

Plaintiff's interpretation of the substitution requirement is nonsensical and runs contrary to the basic terms of the FMLA.  The FMLA expressly states that an employer may require the employee to *substitute* any of the accrued paid leave of the employee for any part of the 12-week period of the leave under the FMLA.  Specifically, section 2612(d)(2)(A) states, in pertinent part:

> [A]n employer may require the employee, to substitute any of the accrued paid vacation leave, personal leave, or family leave of the employee for leave provided under [the FMLA] for any part of the 12-week period of such leave . . . .

29 U.S.C. § 2612(d)(2)(A).

As such, the substitution requirement under the Employee Handbook mirrors the language under Section 2612(d)(2)(A).  To the extent Plaintiff is claiming that Suburban Woods interfered with her FMLA rights by requiring her to substitute accrued paid leave, she fails to state a claim upon which relief may be granted and her claim should be dismissed.

When distilled to its essence, Plaintiff's entire FMLA claim is predicated on nothing more than a mere inadvertent miscalculation of her 12-week period.  A clerical error that had

absolutely no adverse financial impact on Plaintiff, and that had gone completely unnoticed by either party until the time of this lawsuit. Plaintiff does not plead, nor can it reasonably be inferred from the facts pled, that this mutual mistake was in the form of a retaliation of shortcoming of benefits, or that it was deliberate in any way. Accordingly, based on the well-pled allegations of the Complaint and the fact that Plaintiff apparently would not have been able to return to work on or by March 13, 2000, the fact that Plaintiff did not "take a full twelve week leave," while technically correct, cannot reasonably be considered an interference by Suburban Woods with Plaintiff's exercise of her FMLA rights. Nor can it reasonably be considered to have caused any corresponding injury to Plaintiff. Especially in light of the fact that Suburban Woods explicitly informed Plaintiff of her right to take up to twelve (12) weeks of unpaid medical leave, reminded Plaintiff of the company's requirement to substitute paid leave benefits, and provided Plaintiff with the requisite documentation that she had otherwise neglected to complete, it is patently obvious that Suburban Woods sought to preserve Plaintiff's FMLA rights, not interfere with them.

IV.     CONCLUSION

For all the foregoing reasons, Defendant Suburban Woods Nursing Home LLC t/a Suburban Woods Health & Rehabilitation Centers respectfully requests that Diane M. Friend's Complaint be dismissed with prejudice.

Dated:  July 15, 2002                                          _____
                                                               Todd Alan Ewan
                                                               Saul Ewing LLP
                                                               Centre Square West
                                                               1500 Market Street, 38th Floor

Philadelphia, PA  19102

Case 2:02-cv-04464-BMS    Document 2    Filed 07/15/2002    Page 12 of 13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE M. FRIEND | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO. 02-CV-4464 |
| | : |
| v. | : |
| | : |
| SUBURBAN WOODS NURSING HOME LLC T/A SUBURBAN WOODS HEALTH & REHABILITATION CENTERS | : |
| | : |
| Defendant. | : |

### **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Together with Defendant's Memorandum of Law was served today upon counsel for plaintiff by hand delivery, addressed as follows:

> Michael I. McDermott, Esquire
> 1026 Winter Street
> Suite 200
> Philadelphia, PA  19107

_____
Todd Alan Ewan

Dated:  July 15, 2002

677972.1 7/15/02