# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE M. FRIEND | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO. 02-CV-4464 |
| | : |
| v. | : |
| | : |
| SUBURBAN WOODS NURSING HOME LLC T/A SUBURBAN WOODS HEALTH & REHABILITATION CENTERS | : |
| | : |
| Defendant. | : |

## **ORDER**

AND NOW, this _____ day of _____, 2002, upon review of Plaintiff's Response to Notice of Defendant Suburban Woods Health & Rehabilitation Centers of Removal from the Court of Common Pleas, and the papers in opposition thereto, it is hereby ORDERED that this matter will remain within the jurisdiction of this Court.

By the Court:

_____

686062.1 10/1/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DIANE M. FRIEND | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO. 02-CV-4464 |
| | : |
| v. | : |
| | : |
| SUBURBAN WOODS NURSING HOME LLC T/A SUBURBAN WOODS HEALTH & REHABILITATION CENTERS | : |
| | : |
| Defendant. | : |

**RESPONSE OF DEFENDANT SUBURBAN WOODS NURSING HOME LLC**
**IN OPPOSITION TO PLAINTIFF'S RESPONSE TO NOTICE OF DEFENDANT**
**SUBURBAN WOODS HEALTH & REHABILITATION CENTERS OF**
**<u>REMOVAL FROM THE COURT OF COMMON PLEAS</u>**

Defendant, Suburban Woods Nursing Home LLC t/a Suburban Woods Health &

Rehabilitation Centers, by its undersigned attorneys, hereby responds in opposition to

plaintiff's objection to removal of this case from the Court of Common Pleas of Montgomery

County (the "Objection") and requests that the Objection be overruled for the reasons set forth in the accompanying Memorandum of Law.

                                                Respectfully submitted,

_____
Todd Alan Ewan
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
215-972-7823

Attorneys for Defendant, Suburban Woods Nursing Home LLC t/a Suburban Woods Health & Rehabilitation Centers

Dated:  August 15, 2002

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE M. FRIEND | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO. 02-CV-4464 |
| | : |
| v. | : |
| | : |
| SUBURBAN WOODS NURSING HOME LLC T/A SUBURBAN WOODS HEALTH & REHABILITATION CENTERS | : |
| | : |
| Defendant. | : |

### MEMORANDUM OF LAW IN SUPPORT OF THE RESPONSE OF DEFENDANT SUBURBAN WOODS NURSING HOME LLC IN OPPOSITION TO PLAINTIFF'S RESPONSE TO NOTICE OF DEFENDANT SUBURBAN WOODS HEALTH & REHABILITATION CENTERS OF REMOVAL FROM THE COURT OF COMMON PLEAS

I.   FACTUAL BACKGROUND

Plaintiff, Diane M. Friend (the "Plaintiff") commenced this action in the Court of Common Pleas of Montgomery County at Docket Number 02-04688. The complaint was served upon Defendant, Suburban Woods Nursing Home LLC t/a Suburban Woods Health & Rehabilitation Centers ("Suburban") via United States mail on June 7, 2002.

In her complaint, plaintiff alleges that she was wrongfully terminated in alleged violation of the Family and Medical Leave Act, 29 U.S.C. 2601 et seq.

On July 8, 2002, Suburban filed its Notice of Defendant Suburban Woods Nursing Home LLC t/a Suburban Woods Health & Rehabilitation Centers of Removal From The Court of Common Pleas. July 8, 2002 was a Monday.

II.   ARGUMENT

    A.   Plaintiff Has Not Set Forth A Basis For This Court To Refuse Jurisdiction Over This Matter

Plaintiff has alleged a cause of action under the Family and Medical Leave Act (the "FMLA") 29 U.S.C. §2601 et seq. The FMLA is a federal law. This Court has original jurisdiction over this action pursuant to Section 1331 of Title 28 of the United States Code as this matter alleges violations of a law of the United States. Specifically, Section 1331 provides,"[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

Plaintiff's argument that the FMLA's provision of jurisdiction of claims made under that statute to both State and Federal courts does not defeat this Court's original jurisdiction. Ladner v. Alexander & Alexander, Inc., 879 F. Supp. 598, 599 (W.D. La. 1995) (holding all types of civil actions, where there is concurrent original jurisdiction in both federal and state court, are removable) (citing Baldwin v. Sears, Roebuck & Co., 667 F.2d 458, 459 (5th Cir. 1982) and Cosme Nieves v. Deshler, 786 F.2d 445, 451 (1st Cir), cert. denied, 479 U.S. 824 (1986)). Accordingly, on jurisdictional grounds, this case was properly eligible for removal, which Suburban elected to do.

Plaintiff also argues that Suburban's removal was not timely as it was filed on July 8th, the 31st day after service. As the statute governing removal provides,

> (a)   A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and

> containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b)     The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).  As several courts have recognized, Federal Rule of Civil Procedure 6(a) governs the computation of time under this statute.  Johnson v. Harper, 66 F.R.D. 103 (D. Tenn. 1975); and Boulet v. Millers Mut. Ins. Ass'n of Ill., 36 F.R.D. 99 (D. Minn. 1964). See also Carter v. Ingersoll-Rand Co., Inc., No. CIV. A. 00-6438, 2001 WL 238540, at *3 (E.D. Pa. Mar. 12, 2001).  Federal Rule of Civil Procedure 6(a) provides,

> (a)     Computation
> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.  When the period of time prescribed or

>       allowed is less than 11 days, intermediate Saturdays, Sundays,
>       and legal holidays shall be excluded in the computation. As used
>       in this rule and in Rule 77(c), "legal holiday" includes New
>       Year's Day, Birthday of Martin Luther King, Jr., Washington's
>       Birthday, Memorial Day, Independence Day, Labor Day,
>       Columbus Day, Veterans Day, Thanksgiving Day, Christmas
>       Day, and any other day appointed as a holiday by the President or
>       the Congress of the United States, or by the state in which the
>       district court is held.

Fed. R. Civ. P. 6. Accordingly, when the 30th day falls on a weekend day, filing on the immediately following Monday is timely.

In this case, Plaintiff has acknowledged that the date that triggered the start of the thirty-day period is June 7th. The 30th day following June 7th was July 7th. July 7th was a Sunday. The immediately following Monday was July 8th. Suburban's filed its Notice of Removal on July 8th. As such, Suburban's filing with this Court was timely.

III.     CONCLUSION

For the foregoing reasons, Suburban respectfully requests that the Court deny plaintiff's opposition to removal.

Respectfully submitted,

_____
Todd Alan Ewan, Esquire
Saul Ewing LLP
1500 Market Street
Centre Square West, Suite 3800
Philadelphia, PA  19102
215-972-7823

Attorneys for Defendant, Suburban Woods Nursing Home LLC t/a Suburban Woods Health & Rehabilitation Centers

-6-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Response of Defendant Suburban Woods Nursing Home LLC in Opposition to Plaintiff's Response to Notice of Defendant Suburban Woods Health & Rehabilitation Centers of Removal from the Court of Common Pleas was served today upon counsel for plaintiff by hand delivery, addressed as follows:

        Michael I. McDermott, Esquire
        1026 Winter Street
        Suite 200
        Philadelphia, PA  19107

                                          Todd Alan Ewan

Dated:  August 15, 2002